■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. PETER SPECIALE, Appellant, v CHARLES BRUNELLE, as Superintendent of Wyoming Correctional Facility, et al., Respondents. [668 NYS2d 540] —Judgment unanimously affirmed without costs for reasons stated in decision at Supreme Court, Dadd, J. (Appeal from Judgment of Supreme Court, Wyoming County, Dadd, J.—Habeas Corpus.) Present—Green, J. P., Hayes, Callahan, Balio and Fallon, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OSMOND K. BROWN, Appellant. [668 NYS2d 540] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him following a jury trial of two counts of murder in the second degree (Penal Law § 125.25 [1], [3] [intentional and felony murder]), two counts of robbery in the first degree (Penal Law § 160.15 [1], [2]) and criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [2]) stemming from an incident in which defendant allegedly shot the victim in the head with a rifle after the victim stole money from defendant's estranged girlfriend. While we agree with defendant that the prosecutor engaged in misconduct on summation, we conclude that defendant was not thereby deprived of a fair trial (*see, People v Galloway,* 54 NY2d 396, 398). The prosecutor's inappropriate reference on summation to defendant's waiver of the right to remain silent is harmless error; there is no reasonable possibility that the error might have contributed to defendant's conviction and thus it is harmless beyond a reasonable doubt (*see, People v Crimmins,* 36 NY2d 230, 237).

County Court erred in its verdict sheet in failing to include "not guilty" as an option for each of the lesser included offenses (*see, People v Piazza,* 48 NY2d 151, 165). However, the court properly instructed the jury on the possible verdicts, both in its initial charge and in response to the jury's inquiries, and thus "any error inhering in the verdict sheet was harmless" (*People v Piazza, supra,* at 165). The sentence is neither unduly harsh nor severe.

We have reviewed defendant's remaining contentions and conclude that they are without merit. (Appeal from Judgment of Erie County Court, Rogowski, J.—Murder, 2nd Degree.) Present—Green, J. P., Hayes, Callahan, Balio and Fallon, JJ.

■ In the Matter of the Arbitration between LA FARGEVILLE CENTRAL SCHOOL DISTRICT, Respondent, and LA FARGEVILLE TEACHERS' ASSOCIATION, Appellant. [668 NYS2d 541] —Order unanimously affirmed without costs (*see, Matter of Indian River*

*Cent. School Dist. [Passino]*, 247 AD2d 838 [decided herewith]). (Appeal from Order of Supreme Court, Jefferson County, Gilbert, J.—Arbitration.) Present—Green, J. P., Hayes, Callahan, Balio and Fallon, JJ.

■ In the Matter of Arbitration between BELLEVILLE HENDERSON CENTRAL SCHOOL DISTRICT, Respondent, and ELWOOD LYNDAKER, as President of Belleville Henderson Teachers' Association, Appellant. [668 NYS2d 969] —Order unanimously affirmed without costs (*see, Matter of Indian River Cent. School Dist. [Passino]*, 247 AD2d 838 [decided herewith]). (Appeal from Order of Supreme Court, Jefferson County, Gilbert, J.— Arbitration.) Present—Green, J. P., Hayes, Callahan, Balio and Fallon, JJ.

■ In the Matter of NIAGARA FALLS FIRE DEPARTMENT OFFICERS ASSOCIATION, by its President, WILLIAM WOODCOCK, JR., Respondent, v RICHARD SHIAH, as Fire Chief of Niagara Falls Fire Department, et al., Appellants. [668 NYS2d 970] —Judgment unanimously reversed on the law without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Supreme Court erred in granting the petition to enjoin the appointment of firefighters to the position of fire captain on a temporary basis and in declaring that such appointments contravened Civil Service Law § 61 (2) and NY Constitution, article V, § 6. The record presents factual issues whether the appointments were made lawfully pursuant to Civil Service Law § 64 (*cf., Matter of Niagara Falls Fire Dept. Officers Assn. v Bowser*, 145 AD2d 907), and that issue should not have been decided without a hearing (*see*, CPLR 7804 [h]). Thus, we remit the matter to Supreme Court for a hearing. (Appeal from Judgment of Supreme Court, Niagara County, Fahey, J.—CPLR art 78.) Present—Green, J. P., Hayes, Callahan, Balio and Fallon, JJ.

■ VIRGINIA A. ROESCH et al., Respondents, v DONALD J. HILLICK, Doing Business as GROW & MOW, et al., Appellants. [668 NYS2d 787] —Order unanimously reversed on the law without costs, motions granted and complaint dismissed. Memorandum: Plaintiffs commenced this action to recover for injuries Virginia A. Roesch (plaintiff) allegedly sustained when she slipped and fell on snow and ice in the parking lot of her employer, Miller Brewing Co. (Miller). At the time of the accident, defendant Donald J. Hillick, doing business as Grow & Mow (Grow & Mow), had an agreement with Miller to plow, salt and remove snow from the parking lot. Defendants Pinkerton's Security Systems, Inc., and Pinkerton's, Inc., doing busi-